# HAROLD JEFFS *v.* HONOLULU RAPID TRANSIT & LAND COMPANY.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED DECEMBER 13, 1905.     DECIDED DECEMBER 13, 1905.

FREAR, C.J., HARTWELL AND WILDER, JJ.

STREET CAR TRANSFER—*passenger may rely on conductor's representations, when.*

A passenger may rely on a representation of a street car conductor that a transfer was good at a particular point from one line to another parallel line running in the same direction two short blocks distant, the transfer being punched in a blank space in the column of lines to which transfers are usually given but containing nothing to indicate that it was not good as represented.

ORAL OPINION.

This is an action for damages for an ejectment from a street car. According to the plaintiff, he boarded a southward bound King street car at the corner of Bethel street and when the car stopped at Alapai street, asked for a transfer to Beretania street. The conductor replied "Beretania?" and, upon plaintiff's answering "yes," punched a transfer check and handed it to him. The Beretania line started two short blocks distant on Alapai street from King street and ran southward parallel to King street. The transfer, besides being punched as to time, was punched as to the connecting line in a blank space in a column in which the other spaces contained printed names of other street lines. There was a line along Alakea street from King street to Beretania and beyond, but it was used regularly for passenger traffic along only one of the two blocks between

those two streets.   The plaintiff, on receiving the transfer, walked up Alapai the two blocks and boarded the Beretania car, from which he was ejected on the ground that the transfer did not entitle him to a ride on that line.   The conductor testified that he told the plaintiff that he could not give him a transfer to the Beretania line, and that the corner of King and Alapai streets was not a transferring point, but that he, the plaintiff, could continue on King street to the McCully street junction (a mile and a half or so distant), transfer there to the Punahou line and ride back on that (in a round about way) to the corner of Alapai and Beretania streets, and then take the Beretania car there, which was the point at which the plaintiff took it after walking the two blocks.   The transfer, however, was not punched in the space in which "Punahou" was printed.   It was contended by the defendant, among other things, that the plaintiff was not entitled under the statute to a transfer at that point from the King to the Beretania line, and that the conductor was without authority to make a contract for such a transfer, and particularly without consideration, inasmuch as the transfer was not requested when the fare was paid, and that the evidence did not support the finding that the conductor represented that the transfer was good at that point.

FREAR, C.J.   The court must take the findings of fact by the circuit court as correct in so far as there is evidence to support them.   The circuit court found, as we construe its decision, that the plaintiff boarded one of the defendant's cars at a point on King street to the north of the junction of King and Alapai streets and that upon the arrival of the car at that junction the plaintiff asked the conductor for a transfer to Beretania street and that the conductor gave him such a transfer, representing by implication at least that the transfer was good at that point; that the plaintiff then left the car and proceeded up Alapai street for two short blocks and boarded the Beretania street car, from which he was ejected on the ground that the transfer did not entitle him to a ride upon that car.   This finding is sup-

ported by the plaintiff's testimony as to his request for a transfer and the reply of the conductor, the fact that the request and reply were made at that particular point, and the further fact that the transfer which was given was punched in a blank space and not in the space in which it should have been punched if the conductor, as testified by him, had represented that the transfer was good only at the McCully street junction. It is unnecessary to say whether the plaintiff was entitled under the statute to a transfer from the King street line to the Beretania street line at that point. He was justified in relying upon the representation of the conductor. It is not necessary to hold even that there was a new contract made between the conductor and the plaintiff after the first contract, if it could be considered a contract, was entered into at the time when the fare was paid. The representation by the conductor was sufficient. This view is in line with the remarks of the court in the case of *Rhodes v. Rapid Transit Co.,* 16 Haw. 329, and the decision in *Ashford v. Rapid Transit Co.,* 16 *Id.* 580.

Accordingly, the exceptions are overruled.

*D. L. Withington* for the defendant.

*P. L. Weaver* was not called for the plaintiff.